JUDGE PRYOR
delivered the opinion oe the court.
The appellee was indicted in the Robertson Circuit Court for wrongfully and fraudulently placing or inserting several ballots or papers intending to represent ballots in the ballot- *489 box at and during an election beld for members of Congress, etc. The evidence upon which this charge is based is that the appellee when voting had his name recorded by the clerk of the election and handed his ballot to the judges to be deposited in the ballot-box, which was done. One of the judges states that the ballot appeared to be larger and longer than the other ballots and attracted the attention of the judges at the time. A ballot was found in the box upon counting the votes having inclosed in it other ballots, and by some of the officers of the election was identified as the ballot handed by the appellee to the judges at the time he voted. Upon this proof the court below instructed the jury to find for the defendant.
Section 6 of article 13, chapter on “Elections,” General Statutes, makes it the duty of the judges of an election for members of Congress “to examine the ballot enough to see, and no further, that only one ballot is offered.” Section 7 provides “that if two or more ballots be folded together so as to show that one person voted both or all of them, the same shall be rejected and counted out.” The judges of the election have the custody of the ballot-box until the ballots are counted and opened in the box, and when sealed up it is their duty to deliver it to the clerk. Section 12 imposes a penalty on any one for opening the ballot-box, or attempting to do so, while it is required to be kept locked or sealed, and also for changing or attempting to change any ballot after it has been deposited in the box, or for fraudulently destroying any such ballots before they are counted; and further provides that “ any person or persons who shall fraudulently or wrongfully put or insert one or more ballots or papers intended to represent ballots into any one or more of the boxes mentioned in this act, at any time before the counting of the ballots is concluded and completed by the board for examining the polls and their certificate made out, shall on conviction be fined,” etc. The judges of the election are also made liable by the *490 provisions of the act for fáiling to discharge’ faithfully their duties. ■ ’ •
The only' provision of the statute under which a' conviction is claimed is that imposing a penalty upon those who insert ot place ballots.wrongfully in.the box before the counting of the ballots is concluded,'and it is now maintained by counsel for the appellee that, álthough the appellee may have inclosed in the ballots-handed by him to the judges of the election’ other ballots, he had violated no..provision of section'12, because the ballots were placed in 'the box by the judges and not by the party charged.
A statute must be construed with, a view of attaining the. object the legislature had in view by its’ enactment when' it can be done without doing 'violence to the language of the act.- (General Statutes, p. 246, sec. 15; 16.)
If a conviction can be had under that statute in such cases only where a person accused-deposits the ballots with his own hands, it results that he may practice such a fraud with impunity by causing others to do so and escape ¿11 punishment. The judge of the election depositing the ballots, if in ignorance of its contents, does it with no wrongful intent, and while it may be said to be a breach of duty on his part in not inspecting more carefully the ballot’ handed him, in such a state of case he is not liable -under this section or any other provision of the statute for fraudulently depositing ballots in the ballot-box; and while the facts may show a plain violation of law, no one is responsible. Under such a construction of the law penalties for its violation could never be enforced.
The provision of section 12 makes any person liable to a penalty who fraudulently or wrongfully places or inserts one or more ■ ballots in the ballot-box at any time before the counting of the ballots is concluded and completed, etc. The party charged, if he procures another, to practice this fraud, whether with -or without a corrupt motive on the part of the *491 one inserting the ballot, is as touch guilty as if he had made the deposit, himself. It is' not for this,- court to determine the guilt or innocence of t.he party .accused, this being alone within the province of the'jury. The instruction to find for the defendant was erroneous. ■ The case should have gone td the jury. ' ' . ' '
The judgment of the court below is reversed;, and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.'